# Exhibit A

Case 3:25-cv-07987-AMO    Document 1-1    Filed 09/19/25    Electronically 2 of 20

Docusign Envelope ID: A567CE11-39E2-41EB-8C76-8FA402B338B9

**FILED**
by Superior Court of California, County of San Mateo
ON        7/14/2025
By_____ /s/ **Anthony Berini** _____
         Deputy Clerk

1   Michael R. Lykken, SBN 223998
    Ana Soares, SBN 223999
2   Soares & Lykken, Attorneys at Law
    PO Box 1597
3   Carmel Valley, CA 93924
    Telephone: 831-269-3772
4   service@soaresandlykken.com
    Attorney for Plaintiff
5

6                  Superior Court of the State of California

7                        County of San Mateo

8   PETER DEMPSEY, AN INDIVIDUAL, AND )   Case No.:  25-CIV-05232
    GEMA ORDONEZ, AN INDIVIDUAL,      )
10                                     )   **VERIFIED COMPLAINT FOR**
                                       )   **DAMAGES:**
11              PLAINTIFFS,            )
         VS.                           )
12                                     )   1)  **Unlawful Withholding of Security**
                                       )       **Deposit (Cal. Civ. Code §1950.5);**
13  AIMCO SCOTCHOLLOW APARTMENTS,      )   2)  **Failure to Properly Verify Debt**
    LP dba LAUREL CROSSING, A          )       **Civ. Code §1788.14.5(b);**
    CALIFORNIA LIMITED                 )   3)  **Failure to Properly Verify**
14  PARTNERSHIP, COLUMBIA DEBT         )       **Plaintiffs' Debt Civ. Code §1788.52;**
    RECOVERY LLC dba GENESIS, A        )   4)  **Failure to Properly Validate Debt**
15  WASHINGTON LIMITED LIABILITY       )       **Civ. Code §1788.14.5 and 15 U.S.C.**
    COMPANY, AND DOES 1-10, INCLUSIVE, )       **1692g;**
16                                     )   5)  **Failure to Properly Validate Debt**
                                       )       **Civ. Code §1788.52;**
17              DEFENDANTS.            )   6)  **Defamation Per Se**
                                       )
18                                     )
                                       )   **Unlimited Jurisdiction**
19                                     )
                                       )   **Jury Trial Requested**
20  _____ )

21

22  PlaintiffS Peter Dempsey and Gema Ordonez, hereby complain and allege against Defendants

23  Aimco Scothollow Apartments, LP, a California Limited Partnership, Columbia Debt Recovery

24  LLC dba Genesis, a Washington Limited Liability Company, and Does 1-10, inclusive, and each

25  of them, as follows:

26

                         Complaint for Damages
                              Pg. 1

## GENERAL ALLEGATIONS

1.      Plaintiff Peter Dempsey is a resident of San Mateo County.

2.      Plaintiff Gema Ordonez is a resident of San Mateo County.

3.      Defendant Aimco Scotchollow Apartments, LP dba Laurel Crossing (hereafter "Aimco") is a Limited Partnership formed under the laws of the State of California with a principal place of business in San Mateo County, California.

4.      Defendant Columbia Debt Recovery LLC dba Genesis (hereafter "Genesis") is a Limited Liability Company formed under the laws of Washington with a principal place of business in Everett, Washington.  Genesis has been registered with the California Secretary of State to conduct business in this state since October 30, 2017.

5.      The names and capacities, whether individual, corporate, associate or otherwise of Defendants Does 1-20, inclusive, are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and thereupon allege that each of the fictitiously named Defendants is legally responsible in some manner for the injuries and damages alleged herein and, therefore, Plaintiffs request that when the true names and capacities of such fictitiously named Defendants are ascertained, it be permitted to insert the names herein.

6.      Plaintiffs are informed and believe and thereupon allege that at all times relevant hereto, each Defendant was a principle, agent, alter-ego, partner, servant, employee or co-conspirator of each of the remaining Defendants, that each Defendants was acting within the course and scope of its relationship of its relationship with the remaining Defendants, and that each Defendants was acting with the permission and consent of the others.

7.      An actual and present controversy exists between Plaintiffs and Defendants.

8.      This Court has personal jurisdiction over Defendant Aimco becausethe defendant conducted business within the state of California by managing the apartment complex known as "Laurel Crossing" located at 347 Laurie Meadows Drive, San Mateo, San Mateo County,

Soares and Lvkken, Attorneys at Law

1    California.

2    9.      This Court has personal jurisdiction over Defendant Genesis because the defendant

3    conducted business within the state of California by attempting to collect an alleged debt from

4    Plaintiffs.

5    10.     Venue is proper in this Court pursuant to Cal. Code Civ Proc § 395 because the

6    transaction or a substantial portion thereof occurred in this county.

7    11.     Plaintiffs rented an apartment managed by Defendant Aimco.  This apartment was

8    located at 347 Laurie Meadows Drive, Apt. 307, San Mateo, San Mateo County, California (the

10   "Apartment").

11   12.     Plaintiffs' tenancy began on April 20, 2019. This tenancy expired on April 19, 2021, and

12   Plaintiffs provided notice on February 12, 2021 that they would be vacating the Apartment at the

13   termination of the lease April 19, 2021.

14   13.     During their tenancy, it was clear that Defendant Aimco did not want Plaintiffs' there.

15   14.     On or about January 11, 2020, Plaintiffs discovered that their car, which had been parked

16   in their space, had been towed to the street and placed in a no-parking zone on the street so that

17   the city would tow them.

18   15.     Plaintiffs moved their car back to a spot, and when they asked Defendant Aimco why it

19   was moved, they were told that it was because the car had been parked in the spot for 3 days.

20   16.     There is no regulation or section of the lease which states that a car must be moved every

21   day, so this was an action taken solely to harass Plaintiffs.

22   17.     Upon move-in, Defendant Aimco disregarded Plaintiffs' rental insurance and began

23   charging them on August 1, 2019 for insurance.  Plaintiffs only discovered this when the parking

24   issue occurred in April 2020, and after negotiations with Defendant Aimco, Defendant Aimco

25   reversed those charges.

26

Soares and Lykken. Attorneys at Law

18.    Plaintiffs and Defendant Aimco's representative Carlos Zavala conducted a walk-through of the Apartment on April 23, 2021 after Plaintiffs vacated the Apartment.

19.    At this Walk-through Mr. Zavala made the following claims:

    a.  The appliances were rusting;

    b.  The appliances had to be replaced and could not be cleaned or tested, and further claimed that the apartment would burn if he tested them;

    c.  Both countertops had to be replaced because there was fraying wood under one countertop;

    d.  The bathroom also had some fraying wood under the countertop;

    e.  The walls had to be torn out and asbestos behind the wall had to be removed due to visible mold on the walls;

    f.  Plaintiffs never made service requests, and thus caused more damage to the Apartment; and

    g.  There was dog feces on the floor.

20.    These allegations of damage are patently false:

    a.  The "rust" on appliances was actually dirt and dust, that was kicked up from the floor when then they were cleaning the apartment prior to moving out;

    b.  The alleged rust was clearly easily shown to be dirt by Plaintiffs at the walk-through;

    c.  Even if there was rust, that is easily attributable to normal wear and tear and not Plaintiffs' actions;

    d.  The appliances were working property upon move-out, thus the claim that they could not be tested or cleaned is baseless and not based on the actual condition of the appliances;

Soares and Lvkken, Attorneys at Law

e.  The fraying wood under the countertop is clearly wear and tear and not damage by Plaintiffs because it was present upon Plaintiffs moving into the apartment;

f.  The mold was not visible upon move-out, and upon the later walk-though thus it is not Plaintiffs' responsibility;

g.  It is generally known that mold on walls only requires soapy water or bleach to clean;

h.  Mold is generally caused by the apartment itself and not any actions by Plaintiff;

i.  Plaintiffs never had a need for a service call since the appliances worked throughout their tenancy, thus claiming that the apartment was damaged due to a lack of service calls is patently false;

j.  Defendant Aimco's claim that there had to be service calls during the tenancy is clearly an admission that their appliances were often worn out due to wear and tear and thus could not be Plaintiffs' responsibility;

k.  The dog feces on the floor was clearly  misidentified by Mr. Zavala in order to injure Plaintiffs;

l.  Each of the allegations of damage by Mr. Zavala is wear and tear and thus not owed by Plaintiffs; and

m.  Defendant Aimco intended to remodel the unit after Plaintiffs vacated, and thus used these false allegations to have Plaintiffs finance their remodel.

21.  Based on the false statements by Mr. Zavala, on April 23, 2021 Defendant Aimco issued Plaintiffs a final statement of expenses in the amount of $18,330.68. Defendant Aimco applied Plaintiffs' deposit of $2,000, thereby reducing their demand to $16,330.668.

22.  Plaintiff Dempsey immediately disputed the validity of the alleged damage to the Apartment to Defendant Aimco, denied that any damages were payable by Plaintiffs, that any

Soares and Lykken. Attorneys at Law

1   damage was purely wear and tear, and that any damage was existing based on the walkthrough of

2   the Apartment.

3   23.    Plaintiff Dempsey further retained counsel who disputed that any damage was

4   attributable to Plaintiffs, and that that Plaintiffs did not owe any funds to Defendant Aimco other

5   than the cleaning charges of $225.

6   24.    Despite negotiations with counsel for Defendant Aimco, no resolution of this came to

7   fruition. Plaintiffs did not tender any additional funds to Defendant Aimco, and Defendant

8   Aimco never filed suit against Plaintiffs to collect the alleged damages to the Apartment from

10  them.

11  25.    On June 6, 2024, over three (3) years after Plaintiffs vacated the Apartment, Defendant

12  Aimco placed the alleged and disputed debt with collections with Defendant Genesis.

13  26.    Defendant Genesis first contacted Plaintiffs on June 12, 2024 in which it stated that

14  Plaintiffs had an agreement with Laurel Crossing (Defendant Aimco) for the alleged damage of

15  $16,330.48 as of June 5, 2024.

16  27.    Plaintiffs never admitted that any debt was due, and have disputed it since April 23, 2021.

17  28.    On June 19, 2024, Plaintiffs timely disputed the debt to Defendant Genesis and asked

18  Defendant Genesis to verify the validity of the debt.

19  29.    Plaintiffs are informed and believe and thereon allege that Defendant Genesis was

20  assigned the right to collect the debt from Defendant Aimco, and attempted to collect the alleged

21  debt pursuant to such assignment.

22  30.    Plaintiffs further are informed and believe and thereon allege that Defendant Genesis

23  purchased the alleged debt from Defendant Aimco, and attempted to collect the alleged debt after

24  said purchase.

25  31.    In response to Plaintiffs' verification request, Defendant Genesis provided the required

26  verification of debt on July 18, 2024. However, Defendant Genesis only provided a copy of the

Soares and Lykken, Attorneys at Law

1    "Definition Annex to the Lease", and a ledger only stating that Plaintiffs' security deposit of

2    $2,000 was applied to an existing debt of $18,330.68 to bring the total due to $16,330.68. There

3    was no evidence of any agreement by Plaintiffs to the debt, nor was there any actual evidence of

4    the alleged damage.    The ledger does not even identify the debt as alleged damage that

5    Defendant Aimco claims was caused by Plaintiffs.

6    32.    Without properly verifying the debt, Defendant Genesis reported the alleged debt to the

7    various credit reporting agencies, including but not limited to Experian, Transunion and Equifax

8    (hereafter the "Credit Reporting Companies".

10    33.    As a result of Defendant Genesis's actions, Plaintiffs' credit scores were damaged and

11    they have suffered the damage set forth below in an amount to be determined at trial.

**FIRST CAUSE OF ACTION**
**(Unlawful Withholding of Security Deposit**
**Cal. Civ. Code §1950.5)**
**Against Defendant Aimco**

15    34.    Plaintiff repeats and reallege each and every allegation contained in Paragraphs 1-33 of

16    this Complaint and by this reference incorporates the same herein and makes each a part thereof.

17    35.    California Civil Code §1950.5(e)(2)(a) states that the landlord shall not make a claim

18    against a tenant's security deposit or the tenant for "damages to the premises…that preexisted the

19    tenancy, for ordinary wear and tear or the effects thereof, whether the wear or tear preexisted the

20    tenancy or occurred during the tenancy, or for the cumulative effects of ordinary wear and tear

21    occurring during any one or more tenancies".

22    36.    In this case, the damage asserted by Defendant Aimco's agent Carlos Zavala, was clearly

23    due to ordinary wear and tear as there was no allegation of actual damage to the Apartment, and

24    only allegations of fraying wood, old and rusting appliances, and the false claim that mold on the

25    wall means that the drywall and sheetrock needs to be replaced.

26    37.    Defendant Aimco made these false allegations of damage because it wanted to remodel

Complaint for Damages
Pg. 7

*Soares and Lukken. Attorneys at Law*

1   the Apartment and have Plaintiff pay for those remodeling costs.

2   38.     The alleged damage was all due to cumulative wear and tear, and the allegations of rust

3   were simply dirt kicked up into the air while Plaintiffs cleaned the apartment.

4   39.     Defendant and his attorney both attempted to resolve this in 2021, but Defendant Aimco

5   refused to refund Plaintiffs' security deposit.

6   40.     Defendant Aimco knew that it was not legally able to use Plaintiffs' security deposit to

7   pay for damages due to ordinary wear and tear and thus made false claims of damage including,

8   but not limited to, the claim that mold on a wall requires the entire wall to be replaced and the

10  rust on the appliances.

11  41.     Defendant Aimco failed to provide a proper itemized statement of deductions from the

12  security deposit within 21 days of Plaintiffs vacating the apartment, instead using a generalized

13  itemization of costs without any documentation.

14  42.     Defendant Aimco failed to provide copies of any receipts, invoices, estimates or other

15  evidence to prove its costs in the April 23, 2021 statement as required by Civil Code Section

16  1950.5(h).

17  43.     Defendant Aimco's actions constitute a violation of California Civil Code § 1950.5.

18  44.     As a direct and proximate result of Defendants' breach of the agreement, Plaintiffs have

19  been harmed in an amount to be proven at trial.   Because of Defendants violation of Cal. Civ.

20  Code §1950.5, lost the use of their security deposit and this lead to the wrongful reporting of

21  Plaintiffs to Defendant Genesis to collect an unlawful and phantom debt that was never approved

22  of or agreed to by Plaintiffs. Plaintiffs therefore are entitled to statutory damages of two (2) times

23  the security deposit, actual damages and damages for bad faith pursuant to Cal. Civ. Code

24  §1950.5(m).

25  45.     WHEREFORE, Plaintiffs pray for relief as set forth below.

26  ///

**SECOND CAUSE OF ACTION**
**(Failure to Properly Verify Plaintiffs' Debt Civ. Code §1788.14.5(b))**
**against all Defendants**

46.    Plaintiff repeats and reallege each and every allegation contained in Paragraphs 1-45 of this Complaint, and by reference incorporates the same herein and makes each a part thereof.

47.    Defendant Genesis is a debt collector as defined by Cal. Civil Code §1788.2(c) under the California Rosenthal Fair Debt Collection Practices Act (hereafter "Rosenthal") and 15 U.S.C. §1692a(6) of the Fair Debt Collection Practices Act (hereafter "FDCPA") which is incorporated into California law by Cal. Civil Code §1788.17.

48.    Defendant Genesis attempted to collect an alleged debt from Plaintiffs by sending its June 12, 2024 letter to Plaintiffs notifying them that they owed a debt of $16,330.48, and is therefore a debt collector under the Rosenthal and the FDCPA.

49.    As a debt collector, Defendant Genesis is required to comply with the Rosenthal Act and Cal. Civ. Code §1788.14.5(b), and was therefore required to obtain evidence that Plaintiffs agreed to the debt, or evidence that the debt was incurred while the account was active, before it attempted to collect a debt Plaintiffs.

50.    The alleged debt is comprised of disputed damages that Defendant Aimco asserts are owed by Plaintiffs. Defendant Genesis is therefore a successor to Defendant Aimco with respect to the alleged debt because it is asserting a claim to damages owned by Defendant Aimco.

51.    California Civil Code §1950.5 applies to landlord and their successors, therefore Defendant Genesis has to comply with the requirements of §1950.50 when it was assigned the right to purchase this alleged debt from Defendant Aimco.

52.    Defendant Genesis therefore was required to establish, at the time it was assigned the debt from Defendant Aimco, that the alleged damages were not due to ordinary wear and tear, and that mold on a wall requires the entire wall to be replaced.

53.    In order to do this, Defendant Genesis was required to obtain an itemized statement of the

Soares and Lukken, Attorneys at Law

1    damages at the time it was assigned the alleged debt from Defendant.

2    54.    Pursuant to Civil Code §1950.5(h), Defendant Genesis was further required to obtain

3    copies of any receipts, invoices, estimates or other evidence to prove the debt from Defendant

4    Aimco at the time it was assigned said debt.

5    55.    Defendant Genesis did not obtain any document evidencing Plaintiffs' agreement to the

6    debt of $16,330.48 before it attempted to collect the debt claimed by Defendant Aimco.

7    56.    Defendant Genesis did not obtain an itemized list of the damages claimed by Defendant

8    Aimco.

10   57.    Defendant Genesis did not obtain any receipts, invoices, estimates or other evidence to

11   prove the debt required by Civil Code §1950.5(h) as required by Rosenthal and the FDCPA.

12   58.    Defendant Genesis's actions as alleged above constitute violations of the FDCPA and

13   Rosenthal.

14   59.    In response to Defendant Genesis's breach of its obligations under Rosenthal and the

15   FDCPA, Plaintiffs are entitled to actual damages according to proof, statutory damages, and

16   reasonable attorneys fees and costs.

17   WHEREFORE Plaintiffs prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
18
**(Failure to Properly Verify Plaintiffs' Debt Civ. Code §1788.52)**
19                      **against all Defendants**

20   60.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-59 of

21   this Complaint, and by reference incorporates the same herein and makes each a part thereof.

22   61.    Plaintiff is informed and believes that Defendant Genesis is a debt buyer as defined by

23   Cal. Civil Code §1788.50(a).

24   62.    Defendant Genesis attempted to collect an alleged debt from Plaintiffs by sending its

25   June 12, 2024 letter to Plaintiffs notifying them that they owed a debt of $16,330.48, and is

26   therefore a debt collector under Civil Code Section 1788.50(a)(1).

*Soares and Ivkken. Attorneys at Law*

1    63.    A debt buyer is required to obtain evidence that the debtor agreed to the debt or there is a

2    judgment showing the debt is owed by the debtor when it purchases debt pursuant to Cal. Civ.

3    Code §1788.52(b).

4    64.    The alleged debt is comprised of disputed damages that Defendant Aimco asserts are

5    owed by Plaintiffs. Defendant Genesis is therefore a successor to Defendant Aimco with respect

6    to the alleged debt because it is asserting a claim to damages owned by Defendant Aimco.

7    65.    California Civil Code §1950.5 applies to landlord and their successors, therefore

8    Defendant Genesis has to comply with the requirements of §1950.50 when it bought this alleged

10   debt from Defendant Aimco.

11   66.    Defendant Genesis therefore was required to establish, at the time it purchased the debt

12   from Defendant Aimco, that the alleged damages were not due to ordinary wear and tear, and

13   that mold on a wall requires the entire wall to be replaced.

14   67.    In order to do this, Defendant Genesis was required to obtain an itemized statement of the

15   damages at the time it purchased the alleged debt from Defendant.

16   68.    Pursuant to Civil Code §1950.5(h), Defendant Genesis was further required to obtain

17   copies of any receipts, invoices, estimates or other evidence to prove the debt at the time it

18   purchased said debt from Defendant Aimco.

19   69.    Defendant Genesis did not obtain any document evidencing Plaintiffs' agreement to the

20   debt of $16,330.48 before it attempted to collect the debt claimed by Defendant Aimco.

21   70.    Defendant Genesis did not obtain an itemized list of the damages claimed by Defendant

22   Aimco.

23   71.    Defendant Genesis did not obtain any receipts, invoices, estimates or other evidence to

24   prove the debt required by Civil Code §1788.52(c).

25   72.    Defendant Genesis's actions as alleged above constitute violations of Fair Debt Buying

26   Act (Cal. Civil Code §1788.50 et seq).

Soares and Lukken. Attorneys at Law

73.     In response to Defendant Genesis's breach of its obligations under Rosenthal and the

FDCPA, Plaintiffs are entitled to actual damages according to proof, statutory damages, and

reasonable attorneys fees and costs.

WHEREFORE Plaintiffs prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
### (Failure to Properly Validate Debt
### Civ. Code  §1788.14.5 and 15 U.S.C. 1692g )
### against all Defendants

74.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-73 of

this Complaint, and by reference incorporates the same herein and makes each a part thereof.

75.     Defendant Genesis is a debt collector as defined by Cal. Civil Code §1788.2(c) under the

California Rosenthal Fair Debt Collection Practices Act  (hereafter "Rosenthal") and 15 U.S.C.

§1692a(6) of the Fair Debt Collection Practices Act (hereafter "FDCPA") which is incorporated

into California law by Cal. Civil Code §1788.17.

76.     California Civil Code §1950.5 applies to landlord and their successors, therefore

Defendant Genesis has to comply with the requirements of §1950.50 when it was assigned the

right to purchase this alleged debt from Defendant Aimco.

77.     Defendant Genesis attempted to collect an alleged debt from Plaintiffs by sending its

June 12, 2024 letter to Plaintiffs notifying them that they owed a debt of $16,330.48.

78.     Plaintiffs timely contacted Defendant Genesis on June 19, 2024, disputed the debt, and

requested written verification of the debt that Defendant Genesis claimed Plaintiffs owed.

79.     As a debt collector, Defendant Genesis was required to produce evidence that proved the

debt was legally incurred by the debtor while an account was active pursuant to Civ. Code

Section 1788.14.5(b).

80.     Defendant Genesis could not verify the debt because there is no signed agreement in

which Plaintiffs agreed to the debt, the debt was not incurred during the tenancy, and Defendants

Soares and Lykken. Attorneys at Law

1    did not comply with the requirements of Civil Code Section 1950.5.

2    81.    Defendant Genesis was further required to verify and validate the debt under both

3    Rosenthal and the FDCPA.

4    82.    As the successor to Defendant Aimco, Defendant Genesis was required to provide an

5    itemized list of the damages that comprised the alleged debt.

6    83.    Defendant Genesis was also required receipts, invoices, estimates or other evidence to

7    prove the debt required by Civil Code §1950.5(h) as required by Rosenthal and the FDCPA.

8    84.    As a debt collector, Defendant Genesis was required to provide these verification

10   documents, including the agreement by Plaintiffs to the debt and the documentation required by

11   Civil Code §1950.5, within 30 days of Plaintiffs' timely written request for verification of the

12   Debt pursuant to Cal. Civ. Code §1788.14.5(c)(1).

13   85.    Defendant Genesis failed to properly verify the debt as required by law when it simply

14   produced a ledger devoid of any detail and a lease.  These documents mischaracterized the debt

15   by showing it was not related to the false claims of damage, and showed no evidence that it was

16   incurred during the tenancy.

17   86.    Defendant Genesis did provide any documentation showing that this debt was incurred

18   while Plaintiff's lease was in force in response to Plaintiffs' written dispute of the debt.

19   87.    Defendant Genesis did not provide any evidence that substantiated the alleged debt owed

20   by Plaintiffs in response to Plaintiffs' written.

21   88.    Defendant Genesis did not provide the faulty verification until 31 days after Plaintiffs'

22   timely request for verification.

23   89.    Defendant Genesis is prohibited by the 15 U.S.C. 1692e(2)(A)  from falsely representing

24   the character, amount, or legal status of any debt, and from using any false representation or

25   deceptive means to attempt to collect a debt pursuant to 15 U.S.C. 1692e(10).

26   90.    Pursuant to Civil Code Section 1788.52,  Defendant Genesis was required to provide

Complaint for Damages
Pg. 13

1 | Plaintiffs with sufficient evidence to prove entitlement to the collect the alleged debt.

2 | 91.    Defendant Genesis failed to properly verify the debt as required by law when it simply

3 | produced a ledger devoid of any detail and a lease.  These documents mischaracterized the debt

4 | by showing it was not related to the false claims of damage, and showed no evidence that it was

5 | incurred during the tenancy.

6 | 92.    Defendant Columbia Debt Recovery LLC dba Genesis's actions constitute violations of

7 | the FDCPA and Rosenthal.

8 | 93.    In response to Defendants breach of their obligations under Rosenthal and the FDCPA,

10 | Plaintiffs are entitled to actual damages according to proof, statutory damages, and reasonable

11 | attorneys fees and costs.

12 | WHEREFORE Plaintiffs prays for relief as set forth below.

**FIFTH CAUSE OF ACTION**
13 |
**(Failure to Properly Validate Debt Civ. Code §1788.52)**
14 | **against all Defendants**

15 | 94.    Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1-93 of

16 | this Complaint, and by reference incorporates the same herein and makes each a part thereof.

17 | 95.    Plaintiff is informed and believes that Defendant Genesis is a collector as defined by Cal.

18 | Civil Code §1788.50(a).

19 | 96.    California Civil Code §1950.5 applies to landlord and their successors, therefore

20 | Defendant Genesis has to comply with the requirements of §1950.50 when it bought this alleged

21 | debt from Defendant Aimco.

22 | 97.    Defendant Genesis attempted to collect an alleged debt from Plaintiffs by sending its

23 | June 12, 2024 letter to Plaintiffs notifying them that they owed a debt of $16,330.48.

24 | 98.    Plaintiffs timely contacted Defendant Genesis on June 19, 2024, disputed the debt, and

25 | requested written verification of the debt that Defendant Genesis claimed Plaintiffs owed.

26 | 99.    As a debt buyer, Defendant Genesis was required to provide evidence that substantiates

Soares and Lvkken. Attorneys at Law

1   the debt as required by Civil Code §1788.52(c).

2   100.    As the successor to Defendant Aimco, Defendant Genesis was required to provide an

3   itemized list of the damages that the alleged debt is comprised of.

4   101.    Defendant Genesis was also required to provide receipts, invoices, estimates or other

5   evidence to prove the debt required by Civil Code §1950.5(h) as a successor to Defendant

6   Aimco.

7   102.    As a debt buyer, Defendant Genesis was required to provide these verification

8   documents, including the agreement by Plaintiffs to the debt and the documentation required by

10  Civil Code §1950.5, within 15 days of Plaintiffs' timely written request for verification of the

11  Debt pursuant to Cal. Civ. Code §1788.52(c).

12  103.    Pursuant to Civil Code Section 1788.52,  Defendant Genesis was required to provide

13  Plaintiffs with sufficient evidence to prove entitlement to collect the alleged debt.

14  104.    Defendant Genesis failed to properly verify the debt as required by law when it simply

15  produced a ledger devoid of any detail and a lease.  These documents mischaracterized the debt

16  by showing it was not related to the false claims of damage, and showed no evidence that it was

17  incurred during the tenancy.

18  105.    Defendant Genesis did provide any documentation showing that this debt was incurred

19  while Plaintiff's lease was in force in response to Plaintiffs' written dispute of the debt.

20  106.    Defendant Genesis did not provide any evidence that substantiated the alleged debt owed

21  by Plaintiffs in response to Plaintiffs' written.

22  107.    Defendant Genesis did not provide the faulty verification until 31 days after Plaintiffs'

23  timely request for verification.

24  108.    Defendant Columbia Debt Recovery LLC dba Genesis's actions constitute violations of

25  the FDCPA and Rosenthal.

26  109.    In response to Defendants breach of their obligations under the Fair Debt Buying Act,

Complaint for Damages
Pg. 15

1    Plaintiffs are entitled to actual damages according to proof, statutory damages, and reasonable

2    attorneys fees and costs.

3    WHEREFORE Plaintiffs prays for relief as set forth below.

4                                  **SIXTH CAUSE OF ACTION**
                                        **[Defamation]**
5                                   **Against all Defendants**

6    110.    Plaintiffs repeats and alleges each and every allegation contained in Paragraphs 1-109 of

7    this Complaint, and by reference incorporates the same herein and makes each a part thereof.

8    111.    Defendant Genesis made false statements of fact about Plaintiffs.

10   112.    Specifically, Defendant Genesis reported to the Credit Reporting Companies·that

11   Plaintiffs did not pay an agreed debt due of $16,330.48 and Plaintiffs were in collections.

12   113.    Defendant Genesis's report to the credit reporting agencies that Plaintiffs owed a debt

13   that was false because the debt was disputed, unverified and unsupported by any evidence.

14   114.    Defendant Genesis knew, or had reason to know, that these reports were false.

15   115.    These reports were easily accessible to the lenders, creditors, and other parties with

16   whom Plaintiffs  had or were going to have contracts with that depended on their good credit.

17   116.    Through these false, defamatory and disparaging statements, Defendant Genesis actively,

18   maliciously, and aggressively distributed false and defamatory information about Plaintiffs to

19   hundreds of companies, lenders,  and individuals who provide credit to Plaintiffs.  The object of

20   Defendant Genesis's defamatory and false statements is to destroy Plaintiffs' reputation to

21   negatively influence other persons and entities and dissuade them from doing business with

22   Plaintiffs in the future, based on the defamatory information in the statements, or at a minimum

23   to make Plaintiffs' use of credit more expensive due to higher interest rates driven by the

24   reduction in Plaintiff's credit scores.

25   117. ·  Plaintiffs' credit scores were harmed by the false report by Defendant Genesis.

26   118.    As a result of Defendant Genesis's false statements, Plaintiffs suffered damage to their

*Soares and Lvkken. Attorneys at Law*

1 | credit scores and reputation.

2 | 119.    Defendant Genesis published the above-alleged defamatory statements either with

3 | knowledge that they were false and defamatory of Plaintiffs, or with reckless disregard for their

4 | truth or falsity and the defamatory nature of the statements and the attendant harm caused.

5 | 120.    As a proximate result of the above-described publications, Plaintiffs have suffered loss of

6 | and damage to their excellent credit scores and creditworthiness, all to their general damage in an

7 | amount to be determined according to proof at trial.

8 | 121.    The above-described defamatory statements constitute defamation per se and were

10 | published by Defendant Genesis with malice, oppression and fraud, and with willful and

11 | conscious disregard for Plaintiff's right to conduct their business and obtain, thereby justifying

12 | an award of punitive damages against Cross-Complainants, and each of them.

13 |      WHEREFORE Plaintiffs prays for relief as set forth below.

14 |

15 | **PRAYER FOR RELIEF**

16 |   WHEREFORE, Plaintiffs prays for relief and judgment against Defendants and in favor of

17 | Plaintiffs as follows:

18 |     1.  For wrongful withholding of Plaintiffs' security deposit against Defendant Aimco,

19 |        and that Plaintiffs shall be awarded all actual and compensatory damages suffered

20 |        from this wrongful withholding in an amount to be determined at trial, statutory

21 |        damages, plus costs and pre-judgment interest at the legal rate;

22 |     2.  For Failure to Properly Verify Plaintiffs' Debt Civ. Code §1788.14.5(b) against all

23 |        Defendants, and that Plaintiffs shall be awarded all actual and compensatory damages

24 |        suffered, statutory damages, plus costs and pre-judgment interest at the legal rate and

25 |        reasonable attorneys fees and costs;

26 |     3.  For Failure to Properly Verify Plaintiffs' Debt pursuant to Civ. Code §1788.52

*(left margin, vertical text)* Soares and Lykken. Attorneys at Law

against all Defendants; and that Plaintiffs shall be awarded all actual and compensatory damages suffered, statutory damages, plus costs and pre-judgment interest at the legal rate and reasonable attorneys fees and costs;

4.  For Failure to Properly Validate Debt pursuant to Civ. Code §1788.14.5 and 15 U.S.C. 1692g against all Defendants; and that Plaintiffs shall be awarded all actual and compensatory damages suffered, statutory damages, plus costs and pre-judgment interest at the legal rate and reasonable attorneys fees and costs;

5.  Failure to Properly Validate Debt pursuant to Civil Code §1788.52 against all Defendants;

6.  For judgment that Defendants have made defamatory and libelous statements regarding Plaintiffs, and award Plaintiffs specific and general damages in an amount to be proven at trial;

7.  For judgment that Defendants' defamatory and libelous statements were made with malice, oppression, and fraud, and thus Plaintiffs shall be awarded punitive damages in an amount to be determined at trial;

8.  For an award of any other compensatory damages to be determined at trial;

9.  For all costs of suit herein; and

10. For such other and further relief as the Court shall deem appropriate.

11.

Dated: 7/14/2025 | 9:58:12 AM PDT Soares & Lykken, Attorneys at Law

By: _____
Michael R. Lykken, Esq.
Attorney for Plaintiff

1                         VERIFICATION

2 I, Peter Dempsey, and am a Plaintiff in this action, and hereby verify that I have read the

3 foregoing Complaint for Damages, and know the contents thereof.  The same is true of my own

4 knowledge, except as to those matters which are therein alleged on information and belief and, as

5 to those matters, I believe them to be true.

6

7 I declare under penalty of perjury and the laws of the State of California that the foregoing is true

8 and correct.

10

11 Dated:  7/14/2025 | 8:40:12 AM PDT

*Peter Dempsey*
Peter Dempsey

12

13

14                         VERIFICATION

15 I, Gema Ordonez, and am a Plaintiff in this action, and hereby verify that I have read the

16 foregoing Complaint for Damages, and know the contents thereof.  The same is true of my own

17 knowledge, except as to those matters which are therein alleged on information and belief and, as

18 to those matters, I believe them to be true.

19

20 I declare under penalty of perjury and the laws of the State of California that the foregoing is true

21 and correct.

22

23 Dated: 7/14/2025 | 8:46:52 AM PDT

*Gema Ordonez*
Gema Ordonez

24

25

26

Soares and Lykken. Attorneys at Law